UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SANTANA MALDONADO LOZANO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-02983 |
| | § | |
| TODD BLANCHE, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER OF DISMISSAL

The petitioner, Santana Maldonado Lozano, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") officials. Through counsel, petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging his detention. Doc. No. 1.

The Court may dismiss a habeas petition on the pleadings "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (authorizing preliminary review and summary dismissal of habeas petitions on the pleadings).[1]

The petition and attached exhibits reflect that Petitioner is a noncitizen who entered the United States without lawful status in 2012 and has since been placed in removal

---

[1] A district court may apply any of the rules governing habeas petitions filed under 28 U.S.C. § 2254 to those filed under 28 U.S.C. § 2241. *See* Rule 1(b), Rules Governing § 2254 Cases in the United States District Courts.

1 / 3

proceedings. Doc. Nos. 1, 1-3. Petitioner does not plead facts to show that he has been lawfully admitted into the United States, and he does not so contend.

The Court observes that Maldonado Lozano asserted similar claims regarding his immigration detention when he was confined in the Eastern District of Texas in another case,[2] and that Court denied his habeas petition for the same reasons that this Court denies them here as explained below. *See Maldonado Lozano v. Bondi*, Civ. No. 9:26-cv-0054, at Doc. No. 11 (E.D. Tex. Mar. 11, 2026).

Because Petitioner entered without inspection and has not obtained lawful status, he is an applicant for admission subject to 8 U.S.C. § 1225(b)(2). *See Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498 (5th Cir. Feb. 6, 2026). To the extent that he seeks a bond hearing regarding his detention under 8 U.S.C. § 1226(a) and its implementing regulations, such claim is foreclosed by *Buenrostro-Mendez*.

In addition, his Fifth Amendment due process claims are precluded, at this juncture, by *Demore v. Kim*, 538 U.S. 510, 531 (2003), because "[d]etention during removal proceedings is a constitutionally permissible part of that process." *Id.* (citations omitted); *see also Jennings v. Rodriquez*, 583 U.S. 281, 297 (2018) (explaining that "§§1225(b)(1) and 1225(b)(2) thus mandate detention of applicants for admission until certain proceedings have concluded").

---

[2] Counsel for petitioner did not disclose this earlier case or state how his circumstances have changed since that case was dismissed; indeed, his circumstances did not change for the better. According to the pleadings in this case, he was transferred to the Montgomery County Jail in March to face DUI charges to which he pleaded guilty on April 10, 2026, then was returned to immigration custody at the Montgomery Processing Center on April 11, 2026, within the jurisdiction of the Southern District of Texas.

2 / 3

Finally, his claims related to "separation of powers" fail because habeas corpus is available as a judicial remedy to challenge immigration detention. *See, e.g., Jimenez v. Noem*, Civ. A. No. H-25-5853, at Doc. No. 10 at 6 (S.D. Tex. Feb. 10, 2026) (noting that the petitioner was able to challenge his detention by filing a writ of habeas corpus); *Trump v. J.G.G.*, 604 U.S. 670, 674 (2025) (Kavanaugh, J., concurring) (noting that habeas corpus is the proper remedy to challenge immigration detention).

Therefore, the Court **ORDERS** as follows:

1. The petition (Doc. No. 1) is **DENIED**, and this case is **DISMISSED**.

2. All other pending motions, if any, are **DENIED as MOOT**.

SIGNED this _____ 21st _____ day of April 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE